I think the issue before you is a relatively simple one, but it may have some intricate aspects to it. All we're looking for is a procedure for a United States citizen to get a federal court to enforce a federal law. And it appears that that effort has been frustrated by a state court procedure of sealing a criminal affidavit. Let me ask you, Counsel, the record doesn't seem to show that you made any appropriate discovery requests of the other side. I did. It's in the record. Exactly what did you request? Well, we did a request for production of documents asking for the affidavit. And that is in the transcript of page 110 of the Appellant's Excerpts of Record, Volume 1. And the response we received from Detective Bressler was an invocation of a privilege based upon the sealing of the search warrant affidavit. And that was contained in the record at page 114. And so then what did the magistrate rule upon that? Actually, we didn't have a magistrate. We were before Judge Ishii, the federal district judge. But he invited you to go before the magistrate. Well, when we went before the magistrate, that is not, I don't think, of the record. But the magistrate refused to enforce any procedure against the sealing of the state court affidavit. But that's a different matter. Well, actually, you see, in the very beginning of this case, if you read the motion to dismiss, we offered, the other side and I had reached an agreement to stipulate to send the affidavit, the sealed affidavit, to the district court and let the district court do a Hobbs-type hearing to see if there was a basis for either sustaining or throwing out the causes of action. And Judge Ishii, in his memorandum decision, mentioned that in footnote 1. I don't know if you recall it, but he specifically said that he wasn't interested in that type of procedure. So when he also said very clearly in his motion, in ruling on the motion to dismiss, that he did not believe he had the authority to do anything with a state court sealed affidavit. That may well be the case. But the issue is what procedures you took against the county. Did you seek to depose any of the parties? That was one suggestion that was made. We did not because we felt we would have an invocation of the privilege on any questions that had to do with the affidavit. You know, I've done this. I feel kind of stuck here because you're basically saying we're in a quandary. We don't know how to get this. Court, you take it upon yourself to get it. In the meantime, deny the burden of the motion to dismiss. I think you're correct. It doesn't work that way, does it? Isn't the burden on the party to produce evidence? I think we did produce evidence that there was a sealed affidavit. We tried to unseal it. The request to unseal it was denied. Well, you didn't pursue the discovery rights that you had to try to get the court to do something about that. You left it for the court to figure it out for itself. No, we did. We requested an in-camera hearing, which was denied. That's right. You proposed a procedure, which is unorthodox, and I confess I hadn't heard of in this context before. And the court said, I'm not interested in that. And you elected not to proceed with other discovery techniques that might have made the document or the information available. Well, I humbly disagree. If that's the case, you might have a complaint if you got denied discovery rights, but you didn't try to exercise discovery rights. So your argument here today is, you know, I didn't get this document and I should have, and so the motion shouldn't have been granted. Well, that's actually not what I'm asking for. I'm actually saying that there should be – this is not uncommon to have State affidavit sealed. I mean, I have a feeling this is going to reoccur and reoccur and reoccur. And if you keep telling appellant citizens who don't have the powers that courts have to get information that you have to go out there and figure out how to unseal that affidavit on your own, it just doesn't work that way. The privilege is going to stop us every step of the way. That is why, at the very end, when the magistrate and the State court refused to unseal the warrant, statute of limitations had passed for filing of any criminal charges, even after it was known that there was no informant involved, at least that's what Bressler said initially in the record, he, when responding to the request for production, said, we really don't have a confidential informant in this case, but it would jeopardize our investigation. And that's at page 119. Do you seek review of that decision within the State court system? No, we did not, because I had no reason to believe it was wrong. See, why does it have to be wrong? Well, if it's you're telling me it's wrong, you're telling me there's no confidential informant from which you're supposed to infer that there's no reason to keep it secret. You're telling me the statute of limitations has passed. Everything in your argument is suggesting there's no reason for me to keep it back. And when we asked, well, did you pursue that issue in the State court system, you said, well, there's no reason to think the decision's wrong. I mean, isn't there a conflict there? I don't think there is. I don't think it matters. If we just stop for a second and think about this, does it really matter whether the State court magistrate is correct on protecting an informant? Should that deny the citizen the right to bring the 42 U.S.C. 1983 cause of action if they have been damaged? The magistrate can be right. So that's why I don't see that as being an answer. It's not like I have to exhaust all State remedies, no matter what the cost, in order to try to get due process in the Federal court. And I think this is going to be a common problem that's going to happen more and more, and all we need is a situation, some procedure. You know, if my client was charged with a crime, he'd have due process. But because he was in charge with a crime, because he didn't do anything wrong, he can't get due process. That's what I think is really the issue here, that the law-abiding citizen is asking a Federal court to use its power to decide a Federal issue. Well, I think that you're kind of ignoring the need for some comity between State and Federal courts, and that you need to pursue your appropriate remedy in the court that is wrong in you, and you didn't do that. Well, when I was initially told, and the offer to produce the affidavit in the Federal district court for in-camera examination was rejected by the district judge, I mean, I don't know where I'm going after that point. From the very beginning, it was no authority, I'm not going to do it, and in his memorandum of decision, he said the same thing. And so his position didn't change. The judge indicated he needed some authority to do something. Well, if I issue a subpoena to that State court, is that going to be the authority? Because certainly that was available, but the judge had already indicated he didn't want to get involved with a State court affidavit unless there was some authority, and a court of appeal is an appropriate authority for a district court to give guidance on what to do in these situations. You know, a large number of affidavits are now being sealed as a matter of course to protect informants' investigations. It seems to be the norm, not the exception. So I would think that this issue is going to keep reoccurring, and some comedy has to be achieved between the State and Federal court, or else 42 U.S.C. 1983 gets frustrated by a successful State actor who is able to seal an affidavit. Thank you. Roberts. Good morning. May it please the Court. Jim Art appearing on behalf of Appellees County of Tuolumne and Dan Bressler. The Court has already focused on the issues that I was going to focus on, and I won't repeat them. But the appeal is not very well focused in this case, but there are three main points that I think address all the issues. The first being I think we're in the wrong court of appeal. I think this should have been taken up. The State court judgment decision to refuse to unseal that affidavit should have been taken up in the State court of appeals. The district court judge suggested that to the appellant. The appellant acknowledged at one point that that's what he was going to do. They never did. But that's where their remedy lies. They need to exhaust their State court remedies, and they never took that upon themselves to do that. The appellant mentioned the magistrate judge's decision on a discovery motion, and the magistrate judge's order is reflected in the supplemental excerpts of record at page one. But on page four, even the magistrate judge suggests that the appellant take this case up as a writ with the State court of appeal. And the appellants never took that course of action, and that's why we're here today. So I think we're in the wrong court of appeal, to be honest with you. To the merits of the unsealing of the affidavit, there's just no authority that would allow the district court judge to unseal an affidavit that had been sealed by a State court judge, and the court recognized that in their orders. The district court judge, the magistrate judge certainly didn't abuse his discretion in making that order, because basically he didn't have the discretion to order that State court affidavit be unsealed. Third main point, and this is the end result, was that the motion for summary judgment that led us to this point was properly granted by Judge Ishii. The plaintiffs basically did not have any evidence to oppose the motion. They never took the deposition of the investigator. Basically, the only discovery was done was the request for the affidavit, which we've already discussed, and that's why we're here today. Unless Your Honors have any questions, I'll submit it. Thank you. If I can just respond to this issue of going up in the State court. We thought about this. We looked into it. The standard is an abuse of discretion. So I would have to go up into the third district ‑‑ excuse me, fifth district court of appeal, and explain to them how the magistrate in sealing this affidavit abused their discretion when I have no idea what's in the affidavit. And there's a procedure ‑‑ there's a presumption in criminal law that when the affidavit is sealed, you get past your frank substantial preliminary showing type of situation to at least have an in‑camera examination. So I don't see how I would win in the court of appeal. And assuming I win up there and the court of appeal said, no, the magistrate did not abuse her discretion in sealing the affidavit and refusing to open it, does that still mean there hasn't been a wrong? And see, that's why I don't see that. You seem to be saying the filing of a federal lawsuit should trump any interest the State has in keeping it sealed. And you want to change the decision maker from the State court to a federal judge who has no investment or involvement in the original decision. That's what confuses me here. How is it you think that Judge Ishii is in a better position to make that decision? Well, because I'm not asking to unseal it. You see, that's the ‑‑ Well, you're asking for him to look at it and make the decision. That's right. And you are asking to unseal it because you're asking him to give it to you. Well, I'm asking the court to review it and see if the district court judge looks at it and says, you know what, this thing is sealed and you don't have a cause of action, there's got to be a hops type procedure to do that. And then the citizen says, okay, I've had a federal judge look at it and tell me there's no cause of action here. If, on the other hand, the federal judge looks at it and sees that there is an issue, then they're going to have to design a way to deal with that. Otherwise, the citizen doesn't have any rights. I am not asking to unseal it in the federal court. I am asking for an in‑camera hearing and a balancing of the rights of the parties to be done by the district judge. And that's different than unsealing. And that's what I think the cases I cited said federal courts are empowered to do. And the last thing I wanted to mention is, you know, in federal habeas corpus proceedings, state judges are required to not only bring in sealed affidavits, they're required to come in sometimes and testify. So if in a criminal case you can require a state court judge to provide information, to provide affidavits, to provide explanations, why can't it be done in a civil rights case? So thank you very much. The case just heard is submitted.
judges: B. Fletcher, Clifton, Ikuta